UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WARREN R. WATKINS

VERSUS

RECREATION AND PARK
COMMISSION FOR THE CITY OF
BATON ROUGE

CIVIL ACTION

NUMBER 12-366-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**
**and**
**ORDER SETTING TIME TO FILE SUPPLEMENTAL MEMORANDA**

Before the court is the Motion for Summary Judgment filed by defendant Recreation and Park Commission for the Parish of East Baton Rouge ("BREC"). Record document number 22. The motion is opposed.[1]

Plaintiff Warren R. Watkins filed a Complaint against the defendant for claims arising out of his employment with BREC as a welder from July 2004 to March 28, 2012. Plaintiff alleged claims under Title VII, 42 U.S.C. § 2000e-2(a)(1), for disparate treatment and hostile work environment based on race, and also alleged a retaliation claim under Title VII. Plaintiff also alleged state law claims for discrimination and retaliation under LSA-R.S. 23:332, the Louisiana Employment Discrimination Law ("LEDL"), and under La.R.S. 23:967, the Louisiana Whistleblower statute.

All of the arguments and competent summary evidence submitted

---

[1] Record document number 42. Defendant BREC filed a reply memorandum. Record document number 48.

by the parties have been reviewed and carefully considered. Based on the applicable law and the summary judgment evidence, the defendant has demonstrated that there is no genuine dispute for trial as to the plaintiff's race discrimination claims under Title VII and the LEDL, and his Title VII retaliation claim.

Defendant did not specifically move for summary judgment on the plaintiff's state law whistleblower claim under LSA-R.S. 23:967. However, the applicable law and the summary judgment record also appears to support summary judgment on this claim, and the court is considering granting summary judgment to the defendant on the claim. Such a finding cannot be made without giving the parties a reasonable time to respond as provided under Rule 56(f), Fed.R.Civ.P.

Accordingly, the Motion for Summary Judgment filed by defendant Recreation and Park Commission for the Parish of East Baton Rouge is granted on the plaintiff's claims under Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Louisiana Employment Discrimination Law, LSA-R.S. 23:332, for disparate treatment and hostile work environment based on race, and the plaintiff's retaliation claim under Title VII.

Furthermore;

IT IS ORDERED that the parties shall have until December 23, 2013 to file a supplemental memorandum and direct the court's attention to any specific evidence in the summary judgment

materials they contend is relevant to the determination of whether there is a genuine dispute for trial on the plaintiff's claim under LSA-R.S. 23:967.

A detailed summary judgment ruling, on the claims dismissed herein as well as the claim under LSA-R.S. 23:967, will be issued after the court receives any memoranda filed by the parties in connection with the plaintiff's state law whistleblower claim.

Baton Rouge, Louisiana, December 13, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE